**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Horizon Community Bank, an Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Land Bridge, LLC, also known as Landbridge LLC, a Nevada limited liability company; Bobby Shomer and Kristin L. Shomer, husband and wife; Mark L. Dunford and Tina M. Walls, husband and wife; Stephen Sorrentino; Larry Turner and Deborah Turner, husband and wife,<br><br>    Defendants. | No. CV-11-08017-PCT-GMS<br><br>**ORDER** |

Pending before the Court are Defendant Kristen Shomer's Motion to Dismiss Party (Doc. 48) and Defendant Bobby Shomer's Motion to Dismiss Party (Doc. 51). For the reasons set forth below, both motions are denied.

**BACKGROUND**

On or about April 28, 2007, according to Plaintiff, Defendants Land Bridge LLC, Bobby Shomer, Mark Dunford, Stephen Sorrentino, and Larry Turner collectively executed a promissory note for $1,787,418.05 and delivered it to Plaintiff Horizon Community Bank. (Doc. 37 ¶ 8). Defendants defaulted on the note, and as a result, a parcel of land in Kingman, Arizona that served as security for the note was sold at a Trustee's sale to Plaintiff on

1  December 8, 2010. (*Id.* ¶ 10). According to the complaint, after the sale a deficiency
2  remained of $606,454.64. (*Id.* ¶ 13). Plaintiffs filed suit in Mohave County Superior Court
3  to recover this sum, along with accruing charges, fees, and expenses, and the case was
4  properly removed to the District of Arizona on diversity grounds. (Doc. 1).

5  On June 6, 2011, default was entered against Defendant Land Bridge, LLC. (Doc. 44).
6  On September 7, 2011, Plaintiff and Defendants Larry Turner and Deborah Turner
7  ("Turners") jointly moved for dismissal of claims against Turners, and claims against Turners
8  were dismissed on September 8. (Doc. 62). On October 31, Plaintiff and Defendants Mark
9  Dunford and Tina Walls jointly moved for dismissal, and claims against them were
10 dismissed. (Doc. 65). Defendants Bobby Shomer and Kristin Shomer, proceeding pro se,
11 have filed motions to dismiss along with their answers to Plaintiff's Amended Complaint.
12 (Docs. 48, 51).

13 In her motion, Defendant Kristin Shomer states that she and Defendant Bobby Shomer
14 were not married "during all material times relevant to this matter."(Doc. 48 ¶ 18). She
15 further states that she had not authorized Bobby Shomer to act on behalf of the marital
16 community. She then claims that "Plaintiff has provided no proof that they have a claim
17 against her," that "Plaintiff has failed to provide proof of standing," and that "Plaintiff has
18 no proof of transfer, assignment, or ownership of beneficial rights having been given to her."
19 (Doc. 48 ¶ 27–29). Defendant Bobby Shomer alleges that Plaintiff has improperly calculated
20 the deficiency and that it has in fact suffered no loss. He states that "the Plaintiff foreclosed
21 upon the property and sold it back to themselves below market value for the sole purpose of
22 attempting to extract additional funds." (Doc. 51 ¶ 22).

**DISCUSSION**

**1. Legal Standard**

25 Neither Defendant cites to a particular section of Rule 12(b) in the motions to dismiss;
26 since their arguments speak to the substance of the complaint, rather than jurisdiction, venue,
27 service of process, or failure to join a necessary party, the motions will be treated as though
28 they had been filed pursuant to Rule 12(b)(6). When analyzing a complaint for failure to state

- 2 -

1 a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Courts generally will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

**2.  Analysis**

Defendant Kristen Shomer states that she was not married to Bobby Shomer "during all material times relevant to this matter." (Doc. 48 ¶ 18). She does not state that she was not married to him when he signed the promissory note, and in fact suggests that she was, stating that she "rigorously opposed" his entering into business dealings with the other Defendants. (Doc. 48 ¶ 21).[1] In any event, for the purposes of a Motion to Dismiss, facts in the complaint are taken as true. *Smith*, 84 F.3d at 1217. Both Nevada and Arizona are community property states, so whether the Shomers were married under Nevada or Arizona law, property and debts amassed were the property of the marital community. *See* NEV. REV. STAT. § 123.220 (2009); A.R.S. § 25-214 (2007). Whether Mr. Shomer was acting in such a way as to bind the marital community is an issue of fact that may be decided at a later point in this proceeding.

Likewise, Ms. Shomer alleges in her motion to dismiss that Plaintiff has not proved a number of claims. (Doc. 48). In order to survive a motion to dismiss, a Plaintiff need not prove its claims; it need only state allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally to the

---

[1] Although the Court does not rely on outside documents when ruling on a motion to dismiss, it is worth noting that in their Reply to Plaintiff's request for production, Defendants provided documentation suggesting that they were divorced on August 18, 2009, after the promissory note was signed but before the foreclosure sale.

- 3 -

1 extent that she alleges that Plaintiff has failed to adequately assert standing, she is mistaken. The loss of over $600,000 constitutes an "injury in fact" that is sufficiently concrete and particularized, and the allegation that the loss resulted from the fact that property used to secure a promissory note was of inadequate value to provide full compensation after default represents a "causal connection between the injury and the conduct complained of." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff Kristin Shomer's motion to dismiss is denied.

Likewise, Plaintiff Bobby Shomer merely challenges Plaintiff's asserted facts. (Doc. 51 ¶ 18–22). Whether Mr. Shomer is correct that Plaintiff's claim rests upon faulty accounting is a question of fact that may be decided later in this litigation; it is not a charge upon which a motion to dismiss may be successfully based. The appraisal submitted by Mr. Shomer may not be considered when ruling on a motion to dismiss. *Lazy Y Ranch*, 546 F.3d at 588. Taking the facts in the complaint as true and construing them favorably towards Plaintiff, it has stated a valid claim for relief. *Smith*, 84 F.3d at 1217. Mr. Shomer's motion to dismiss is denied.

## CONCLUSION

Defendants Kristin and Bobby Shomer move to dismiss the claims against them by providing evidence contesting the facts supporting Plaintiff's claim. Since the facts in the complaint are taken as true when ruling on a motion to dismiss, both motions are denied.

**IT IS THEREFORE ORDERED**:

1. Defendant Kristin Shomer's Motion to Dismiss (Doc. 48) is **denied**.
2. Defendant Bobby Shomer's Motion to Dismiss (Doc. 51) is **denied**.

DATED this 17th day of November, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge